# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CHANG KIM, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | Civil Action No. 3: 15-cv-00088 |
| | ) | |
| v. | ) | |
| | ) | |
| C. G. WIGEN, Warden | ) | United States Magistrate Judge |
| Moshannon Valley Correctional Center, | ) | Cynthia Reed Eddy |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is a petition for a writ of habeas corpus filed by Petitioner Chang Kim. For the reasons set forth below, the petition will be denied and the case closed.[1]

Petitioner, Chang Kim ("Petitioner"), is a federal inmate in the custody of the Bureau of Prisons at the Moshannon Valley Correctional Center ("MVCC"). On April 2, 2015, he filed the instant petition for writ of habeas corpus in this Court. Petitioner does not challenge his conviction. Rather, he challenges a disciplinary proceeding held on February 10, 2011, in which he was found guilty of possessing contraband (a cellphone) on January 28, 2011. As a result of the January 28, 2011 incident, Petitioner was sanctioned with a loss of 40 days good conduct credits, 60 days disciplinary segregation, and 18 months loss of commissary, telephone, and visiting privileges. Petitioner claims his due process rights were violated because the disciplinary hearing officer who conducted the hearing was not a staff member of the Bureau of

---

[1] The parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* ECF Nos. 13 and 14.

1

Prisons and therefore lacked the authority to render a decision. On June 29, 2015, Respondent filed a response to the petition (ECF No. 9) and on August 4, 2015, Petitioner filed a traverse (ECF No. 10). The matter is ripe for disposition.

**I.     Background**

The discipline at issue in this lawsuit arose from an incident which occurred on January 28, 2011, while Petitioner was incarcerated at Big Spring Correctional Center ("BSCC"), a private prison, operating under a contract with the Bureau of Prisons to house federal inmates serving federal sentences of imprisonment. On that date, correctional staff noticed that Petitioner "was acting suspicious." Petitioner was asked to get against the wall for a pat search, but refused. He was then taken to a captain's office where he "gave up a black Samsung Virgin Mobile cellphone." Incident Report Number 2118307 at 1 (Exh. 3b). As a result, he was issued an incident report for possession of the cellphone.

The matter was referred to the Unit Discipline Committee ("UDC") for an initial hearing. During the hearing, Petitioner took full responsibility for the cellphone. The UDC referred the matter to the Disciplinary Hearing Officer for final disposition.

On February 10, 2011, Petitioner appeared before officer Armando Mirelea ("Mirelea"), a Discipline Hearing Office ("DHO"), who was an employee of BSCC, not an employee of the Bureau of Prisons ("BOP"). At the disciplinary hearing, Petitioner admitted to the charge. At the conclusion of the hearing, the DHO determined that Petitioner had violated Code 108 and recommended sanctions. Because the DHO was an employee of a privately operated facility, the hearing and report was forwarded to the BOP's Privatization Management Branch ("PMB"), DHO Oversight Specialist, Daniel K, McCarthy, who reviewed the disciplinary action and found

that Mirelea's recommendation was in compliance with due process and certified the report and the recommended sanctions were imposed.

## II. Subject Matter Jurisdiction

This Court has jurisdiction over the instant petition under 28 U.S.C. § 2241, which "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the *execution of his sentence.*" *McGee v. Martinez*, 627 F.3d 933, 935 (3d Cir. 2010) (emphasis added) (quoting *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001) and citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005)). In *McGee*, the Court of Appeals for the Third Circuit Court instructed that "the question to be asked is whether granting the petition would 'necessarily imply' a change to the fact, duration, or execution of the petitioner's sentence." 627 F.3d at 936. In another case, it held that "[a] challenge, such as this one, to a disciplinary action that resulted in the loss of good-time credits, is properly brought pursuant to § 2241, as the action could affect the duration of the petitioner's sentence." *Queen v. Miner,* 530 F.3d 253, 254 (3d Cir. 2008) (per curiam) (citations omitted).

## III. Exhaustion of Administrative Remedies

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal inmate ordinary may not bring a petition for writ of habeas corpus in federal court challenging the execution of his sentence until he has exhausted all available administrative remedies. The Bureau argues that the petition should be dismissed as Petitioner failed to exhaust his administrative remedies. From the exhibits, it appears Petitioner's appeal to the Regional Director was denied as untimely. (ECF 2-1). Petitioner counters that his failure to exhaust should be excused as "futile" because he admitted to the facts of the case and the "jurisdictional

error" did not become obvious until February 26, 2013, when the United States Court of Appeals for the Ninth Circuit issued its opinion in *Arrendondo-Virula v. Adler*, 510 F. App'x 581 (2013).

The Court need not reach the exhaustion issue because, for the reasons set forth below, Petitioner's claim is clearly without merit. *See Ferrante v. Bureau of Prisons*, 990 F. Supp. 367, 370 (D.N.J. 1998) (finding that the petitioner's claim was clearly without merit, so that the exhaustion issue need not be reached).

**IV.    Discussion**

Petitioner argues that the disciplinary process violated his due process rights because the hearing was conducted by a contracted employee and not a BOP staff member as required by statute, thereby depriving him of an impartial hearing body. In support of his argument, Petitioner relies on an unpublished decision issued by the United States Court of Appeals for the Ninth Circuit, *Arredondo-Virula v. Adler*, 510 F. App'x 581 (9th Cir. 2013), which held that under the applicable BOP regulations at the time, disciplinary action could only be taken by BOP staff and not by private contractors. In *Arredondo-Virula*, the appellate court determined that contract prison employees are not BOP staff according to statute, and therefore a contracted prison employee may not impose sanctions insofar as 28 C.F.R. § 541.10(b)(1)(2010) provides that "only institution staff may take disciplinary action." Staff was defined as "any employee of the Bureau of Prisons or Federal Prison Industries, Inc." 28 C.F.R. § 500.1(b).[2]

In 2007, the BOP issued a memorandum to provide guidance in inmate discipline matters occurring in privately operated facilities. According to the memorandum, prior to the imposition

---

[2]    The Court notes that 28 C.F.R. § 541.10(b)(1) is no longer in force. On June 20, 2011, approximately four months after Petitioner had been sanctioned, the Code of Federal Regulations was revised, including sections concerning the inmate disciplinary process. According to the 2011 revisions, the inmate discipline program applies to all prisoners in BOP custody including those held in a contracted facility. The previous qualification that "only institution staff" could take disciplinary action is no longer in force.

of sanctions for an inmate housed at a private facility, a BOP staff member must review and certify the matter, and impose sanctions if warranted. *See Perez-Flores v. Benov*, 2015 WL 3448067 (E.D.Ca. May 28, 2015) (discussing the BOP memorandum entitled "Inmate Discipline Procedures at Privately Operated Facilities).

In the case sub judice, different from the factual situation in *Arredondo-Virula*, the DHO did <u>not</u> impose the discipline but merely <u>recommended</u> it to the PMB DHO. Undeniably, the PMB DHO was an employee of the BOP and he conducted a *de novo* review of the disciplinary file and determined Petitioner was guilty of the offense. In doing so, the PMB DHO adopted the recommended punishment set forth by the DHO and directed it be imposed. (ECF No. 9-13).

Although the DHO was an employee of the privately contracted prison, the report was submitted to a BOP staff member who reviewed it, certified it, and ultimately imposed sanctions in accordance with Bureau of Prisons Program Statement 5270.08. Therefore, the Court finds that because the BOP retained final decision-making authority in the imposition of disciplinary sanctions, it did not unlawfully delegate its authority to BSCC and Petitioner did not suffer a violation of his due process rights. Accordingly, the petition will be denied with prejudice.

## V.     Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253) (as amended) codified standards governing the issuance of certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. *United States v. Cepero*, 224 F.3d 256, 264-54 (3d Cir. 2000); *abrogated on other grounds by, Gonzalez v. Thaler*, ––U.S. ––, 132 S.Ct. 641 (2012); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

## VI. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus will be denied with prejudice. An appropriate Order follows.

**AND NOW** this 7th day of March, 2016, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Petition for Writ of Habeas Corpus filed by Petitioner, Chang Kim, be **DENIED**. The Clerk is ordered to mark the case closed.

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: CHANG KIM
36632-054
Moshannon Valley Correctional Center
555 I Geo Drive
Philipsburg, PA 16866

Amie S. Murphy
United States Attorneys Office
(via CM/ECF electronic notification)